**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL TRANSMISSION EQUIPMENT, INC., an Indiana corporation, <br><br> Defendant. | Case No. 09 C 5934 <br><br> Judge Blanche M. Manning <br><br> Magistrate Judge Mason |

**PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES
AND ENTRY OF JUDGMENT**

Central States Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, trustee, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby move this court for prove up of damages and entry of judgment against Defendant Industrial Transmission Equipment, Inc., an Indiana corporation ("IT Equipment"). In support of this motion, the Plaintiffs state as follows:

1. On September 24, 2009 Plaintiffs filed a Complaint against Defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Act Amendments of 1980, to recover delinquent employer contributions due and owing to the Pension Fund by Defendant as well as interest, liquidated damages, and attorneys' fees and costs.

2. This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District. 29 U.S.C. § 1132(e)(1) and (e)(2). (Affidavit of Juan J. Beaton ¶¶4-5 ("Beaton Affidavit") attached hereto as Exhibit A and incorporated herein by reference.)

3. On September 28, 2009, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure 4(c) and 4(h). See Affidavit of Service filed on October 1, 2009, attached hereto as Exhibit C.

4. The time for Defendant to appear, plead, or otherwise defend has expired and Defendant has failed to appear, plead, or otherwise defend in this action.

5. On November 13, 2009, this court entered a default order against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (See Order attached as Exhibit D).

6. Plaintiffs now file this Motion in order to prove up damages and request that this court enter judgment in an amount certain.

7. The Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (Beaton Affidavit ¶6).

8. The contributions received by the Pension Fund are used to provide benefits for the participants of the Pension Fund. (Beaton Affidavit ¶6).

9. The Pension Fund's records indicate that IT Equipment was bound by a

collective bargaining agreement entered into with Local Union No. 364 of the IBT ("Local 364") under which IT Equipment was required to pay employer contributions to the Pension Fund on behalf of certain of its employees. (Beaton Affidavit ¶7).

10. IT Equipment also entered into a Participation Agreement with Local Union No. 364 that requires IT Equipment to pay contributions to the Pension Fund. (Beaton Affidavit ¶8).

11. IT Equipment is bound by the Pension Fund's Trust Agreement. (Beaton Affidavit ¶9).

12. The Pension Fund relies upon employers to self-report the work history of eligible employees. The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employers. (Beaton Affidavit ¶10).

13. IT Equipment self-reported the work history of its employees to the Pension Fund for the period May 2009 through October 2009. (Beaton Affidavit ¶11).

14. Since Plaintiffs filed their complaint in this case, IT Equipment has paid the contributions and interest owed for the period May 2009 through July 2009. (Beaton Affidavit ¶12).

15. IT Equipment has not paid contributions and interest revealed to be owed based on the work history it reported to the Pension Fund for the period August 2009 through October 2009 (Beaton Affidavit ¶13).

16. IT Equipment has not paid all employer contributions owed to the Pension Fund for the period of August 2009 through October 2009 in the principal amount of

$10,171.79. (Beaton Affidavit ¶13).

17. Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when prevailing in an action under 29 U.S.C. § 1145:

    (i)    the unpaid contributions;

    (ii)    interest on the unpaid contributions;

    (iii)    an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

    (iv)    reasonable attorneys' fees and costs.

18. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. (Beaton Affidavit ¶15).

19. Through November 30, 2009, IT Equipment owes the Pension Fund the total amount of $58.66 in interest on the unpaid employer contributions. (Beaton Affidavit ¶16).

20. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions. (Beaton Affidavit ¶17).

21. IT Equipment owes the Pension Fund the total amount of $2,034.36 in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer

contributions. (Beaton Affidavit ¶18).

22. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the months for which the interest is charged. (Beaton Affidavit ¶20).

23. Pursuant to the provisions of the Pension Fund's Trust Agreement and ERISA, 29 U.S.C. § 1132(g)(2)(D), IT Equipment is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees total $1,522.00 and costs total $520.00. (See Affidavit of Laura B. Bacon attached hereto as Exhibit B and incorporated herein by reference).

**WHEREFORE**, Plaintiffs Central States Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, pray for entry of judgment as follows:

(A) For entry of judgment in the total amount of $14,306.81 in favor of Plaintiffs and against Industrial Transmission Equipment, Inc., an Indiana corporation. This total amount is comprised of the following: past due employer contributions in the amount of $10,171.79; together with interest in the amount of $58.66; liquidated damages in the amount of $2,034.36; attorneys' fees in the amount of $1,522.00; and costs in the amount of $520.00;

(B) That this Court award Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the

prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; and

    (C)    For such other relief deemed just and proper.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org